IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF DELAWARE

KEVIN BLACK

 V.

UNITED STATES OF AMERICA

CRIMINAL CASE NO. 97-65-001

**ORIGINAL**

MOTION TO REDUCE SENTENCE PURSUANT TO
U.S.C. 3582(c)(2)

FILED
AUG 31 2005
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

 Now Comes the defendant ,Kevin Black,pro se petitioner as the undersigned,urging this court for a sentence reduction pursuant to U.S.C. § 3582(c)(2). In part, section 3582(c)(2) gives this court discretion to modify a term of imprisonment once it has been imposed,"in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 944(0); upon motion of the defendant or the director of the B.O.P, or on it's own motion,the court may reduce a term of imprisonment,after considering the factors set forth in section 3553(a) to the extent that they are applicable,if such reduction is consistent with applicable policy statements issued by the Commission." See U.S.C. 3582(c)(2).

 In section 1B1.10(b) of the U.S.S.G. it states in part
that:  (b) In determining whether and to what extent a
   reduction is warranted for a defendant eligible
   for consideration under 18 U.S.C. 3582(c)(2),the
   Court should consider the sentence it would have
   imposed had the amendments to the guidelines listed
   in subsection (c) been in effect at the time the
   defendant was sentenced.

The commentary accompanying U.S.S.G. § 1B1.10(b) instructs the court that in determinig the amended guideline range under section (b) the court shall substitute only the amendments listed in subsection(c) for corresponding guideline provisions that were applied when the defendant was sentence. See U.S.S.G. 1B1.10,commentary n.2. Thus,reading §3582(c)(2) and the U.S.S.G. together,the district court must make two distinct determinations before deciding whether to reduce a defendants sentence under §3582(c)(2).

First,the court must substitute the amended guideline guideline range and determine what sentence it would have imposed. In undertaking this first step,only the amended guideline is changed. In this case,the amended range for Mr. Black becomes two-fold. One range could be without any unconstitutional enhancements,such as the 4 point enhancement he received pursuant to 2K2.1(b)(5). Thus,Mr. Black's amended range here is base offense level 24,with a 3 point adjustment for acceptance of resonsibility,bringing his final range to level 21,category V, 70 to 87 months. However; because the guidelines nolonger have the effect or force of law,the judge may also use the same enhanced guideline range of level 28,category v,100 to 125 months. As an advisory guideline,without the force of law, the judge may impose "any" sentence below 120 months.[1]

---

1. The petitioner does not wholly accept that the courts are permitted under the constitution,to "continue" to enhance defendants,regardless of the guidelines now non-mandatory nature, and that eventually that issue will be dealt with by the higher courts in the near future.

Second, inlight of the conclusion reached in the first step, the court must consider the factors listed in 3553(a) and determine wether or not to reduce the defendants original sentence.

The petitioner ask's this court to lower his sentence to 100 months from the 120 months that he was given. The petitioner moves this court upon such request because the guidelines have been subsequently lowered, because they are nolonger mandatory. This ruling has an retroactive effect on all cases not yet final, but does not explicitly exclude cases that are final. Futhermore; simply because "the guidelines have been lowered" 3582(c) applies here. See UNITED STATES V. RAMOS, 971 F.SUPP 199(E.D.Pa 1997); see also UNITED STATES V TALLY, 920 F.SUPP 597 and UNITED STATES V TAYLOR, 88 F.3d 768, at 771.

The defendant does not ask to be present upon the courts granting of his motion. There is an exception to his mandatory presence under this motion, where his presence is not necessary. See UNITED STATES V FAULKS, 201 F.3d 208(3rd cir 2000).

### PETITIONER HAS SHOWN EXCEPTIONAL POST REHABILITATION

From the very outset of Mr. Blacks incarceration, he has remained drug free and continues to do so. Black has indulged in just about every program available to inmates while incarcerated. He has furthered his education through corresponding college courses, completed victims empact group, budgeting, recidivism and

....staying free,parenting one and parenting two,scorekeeping class, Newport Buisness School real estate,advanced criminal lifestyle, life style issues, carpenters helper,pre-release drug education, and other recreational classes that help Mr.Black through his rehabilitation.[2] Mr. Black does not ask for alot here,but that the court reduces his sentence to 100 months,while adding to the fact that the government,at sentencing,requested 108 months. The government understood that Mr. Black had to first serve an exceptional sentence in New Jersey and Delaware first,inwhich he served a total of three years prior to serving his federal sentence. Pursuant to B.O.P policy 18 U.S.C. 3584(a), Mr. Black was not credited these 3 years towards his federal sentence, eventhough he was sentenced in federal court first.

### CONCLUSION

Because the guidelines are now advisory and subsequently lowered,this court should grant petitioner's motion and reduce his sentence to either 108 months as requested by the government or 100 months as requested by the defendant.

---

2. See attatchment A.

## CERTIFICATE OF SERVICE

I, KEVIN BLACK, hereby certify that three(3) copies of this motion was sent to Court Clerk of the District of Delaware, at 844 King Street, lockbox # 18, Wilmington Delaware 19801, as well as a copy to the U.S. Attorney, Richard Andrews at 1201 Market Street Suit 1100, Wilmington Delaware, 19899.

Respectfully submitted,

*Kevin Black* 8/23/05
KEVIN BLACK
pro se

5.

```
   SCHTO            *         INMATE EDUCATION DATA        *      05-26-2005
 PAGE 001 OF 001  *              TRANSCRIPT                *       09:23:51

 REGISTER NO: 03970-015    NAME..: BLACK                       FUNC: PRT
 FORMAT.....: TRANSCRIPT   RSP OF: SCH-SCHUYLKILL FCI

 ------------------------------ EDUCATION INFORMATION ------------------------
 FACL ASSIGNMENT DESCRIPTION               START DATE/TIME STOP DATE/TIME
 SCH  ESL HAS    ENGLISH PROFICIENT        10-27-2000 1400 CURRENT
 SCH  GED HAS    COMPLETED GED OR HS DIPLOMA 11-03-2000 1355 CURRENT

 ------------------------------ EDUCATION COURSES  --------------------------
 SUB-FACL  DESCRIPTION                   START DATE  STOP DATE EVNT AC LV  HRS
 SCH       PRE-REL VICTIM IMPACT GROUP   10-01-2004  CURRENT
 SCH       BUDGETING                     04-12-2005  04-13-2005  P   C  P    2
 SCH       RECIDIVISM AND LIVING FREE    04-11-2005  04-12-2005  P   C  P    2
 SCH       PARENTING TWO                 04-14-2004  06-30-2004  P   C  P   20
 SCH       FCI PAR 1A - PARENTING ONE    01-13-2004  04-02-2004  P   C  P   20
 SCH       SCOREKEEPING CLASS            02-09-2004  02-16-2004  P   W  V    1
 SCH       REAL ESTATE                   11-23-2003  02-17-2004  P   C  P   15
 SCH       ADV CRIMINAL LIFESTYLES       07-17-2002  12-18-2002  P   C  P   30
 SCH       LIFE STYLE ISSUES             04-30-2002  07-08-2002  P   C  P   10
 SCH       CARPENTER'S HELPER 7:30-11:30 10-01-2001  11-19-2001  P   C  E   54
 SCH       FCI PRE-RELEASE DRUG EDUCATION 05-31-2001 08-13-2001  P   C  P   40
 SCH       BASKETBALL OFFICIATE          06-06-2001  07-01-2001  P   C  P    6
 SCH       FCI SOFTBALL UMPIRE CLASS     03-21-2001  05-19-2001  P   C  P    7
 SCH       ACE AMER HISTORY VIDEO CLASS  03-05-2001  04-02-2001  P   C  P   12




 G0000      TRANSACTION SUCCESSFULLY COMPLETED
```



Kevin BlAck #03970-015
FCI Schuylkill
P.O. Box 759
Minersville, PA 17954

Office of the C[lerk]
U.S. District Cou[rt]
844 N. King St.
Lockbox 18
Wilmington, DE 19801