```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF DELAWARE
```

United States of America       )
                               )
                               )
                               )
        Vs.                    )   Criminal Action No. 97-65-001
                               )
                               )
                               )
                               )
        Kevin Black            )

### MOTION TO CORRECT OR MODIFY
### TERM OF IMPRISONMENT

FILED FEB 15 2008 U.S. DISTRICT COURT DISTRICT OF DELAWARE

Now comes Kevin Black, hereinafter the Defendant, pro se, with this MOTION TO CORRECT OR MODIFY A TERM OF IMPRISONMENT in accordance with the UNITED STATES SENTENCING GUIDELINES (USSG), citing AMENDMENT #709 to 105 months.

### CASE HISTORY

The Defendant was arrested on or about July 1, 1997 for possession of a firearm.

On or about July 8, 1997 the Defendant was indicted by a federal grand jury for possession of a firearm by a convicted felon in violation of Title 18 U.S.C. 922(g)(1).

The Defendant pled guilty to the Indictment as charged and was sentenced to 120 months imprisonment followed by five years of supervised release on December 30, 1997.

Subsequent to this, a §2255 was filed in May of 2002 which was denied.

A §3582(c)(2) motion was filed, not related to the matter at hand, in this Court on August 23, 2005, which was also denied.

Also, a §2241 was filed in another district in which the Defendant is not sure of the dates.(It was not pertaining to the matter at hand)

## JURISDICTION

This Court has jurisdiction of this matter pursuant to Title 18 U.S.C. §3582(c)(2) which allows for modification "in a case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has susequently been lowered by the Sentencing Commission." See 18 U.S.C. §3582(c)(2)

## POINTS AND AUTHORITIES

I. United States Sentencing Commission AMENDMENT #709:

On November 1, 2007, AMENDMENT #709 (Amdt. #709) which was submitted to Congress by the United States Sentencing Commission (USSC), was implemetned into the United States Sentencing Guidelines (USSG). Amdt. #709 addressed the issue of whether and when misdemeanor and petty offenses are counted under Section §4A1.2(c)(1) and (2). See Amendments to Sentencing Guidelines, Policy Statements and Official Commentary, page 55 ("some misdemeanor and petty offenses counted under the guidelines involve conduct that is not serious enough to warrant increased punishment upon sentencing for a subsequent offense")

After conducting numerous studies to address these concerns, the USSC proposed that three modifications be made to §4A1.2(c)(1) and (2). The modification relevant to the matter at hand being that a non-listed offense is determined to be "similar to" an offense listed at §4A1.2(c)(1) and (2). The USSC ultimately decided to take the "common sense approach" citing United States v. Hardeman, 933 F.2d 278,281 (5th Cir.1991).

II. Section §3582(c)(2) Analysis:

This request for reconsideration, and modification of the sentence imposed, is grounded in the principle of Title 18 U.S.C. §3582(c)(2), which states:

> (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to Title 18 U.S.C. §994(o), upon motion of the defendant, the Court may reduce the term of imprisonment after considering the factors set forth in 3553(a) to the extent that they are applicable if such a redutcion is consistent with policy

2

                statements issued by the Sentencing
                Commission.

In analyzing whether a reduction in this regard is "applicable to policy statement issued by the Sentencing Commission" this Court must consider the steps taken by the Commission to ensure that a fair and just sentence could ultimately be determined.

The Sentencing Commission came to the conclusion to make the necessary changes addressed in Amdt. #709 after realizing that these misdemeanor and petty offenses were affecting the sentence in the instant offense in a way that is greatly disproportionate to the seriousness of the prior offense. The Sentencing Commission also took into account the monitoring of offenderssentenced in 1992 for two years for evidence of recividism and how state guidelines treat minor offenses. See Amendments to Sentencing Guidelines, Policy Statements and Official Commentary referrencing <u>United States Measuring Recividism: The Criminal History Computation of the Federal Sentencing Guidelines (2004)</u> The Sentencing Commission's policy statements, and history in regards to determining the adequate sentencing range, clearly favor that no criminal history points be assessed for the misdemeanor and petty offenses referrenced in §4A1.2(c)(1) and (2).

Although Amdt. #709 is not listed in §1B1.10(c) as an amendment to be applied retroactively. Amdt. #709 is clarifying rather than substantive and applies retroactively. See Amendments to Sentencing Guidelines, Policy Statements and Official Commentary page 54 <u>See also United States v. Diaz 245 F.3d 303</u> (3rd. Cir. 2001)

Despite the historical landscape, and retroactive application of Amdt. #709, neither Title 18 U.S.C. §3582(c)(2) or USSG §1B1.10 mandate the Court to reduce the defendant's sentence. See §1B1.10 Commentary Background (noting that the listing of an amendment as retroactive provides discretionary reduction and does not entitle a defendant to a reduced term of imprisonment as a matter of right). §3582's directive to allow applicable Guideline Policy Statements encompass USSG §1B1.10's instruction:

3

       (b) in determining whether and to what extent a reduction in sentence is warranted for a defendant... the Court should consider the sentence that it would have imposed had the amendment to the Guideline been in effect at the time the defendant was sentenced.

In determining whether to resentence a defendant, the Court must consider the same factors [I]t considered when imposing the original sentence. Those factors include: 1) Offense and Offender characteristics; 2) The need for the sentence to reflect the aims of sentencing; namely, (a) just punishment (retribution), (b) deterrance, (c) incapacitation, (d) rehabilitation; 3) Sentences legally available; 4) The Sentencing Guidelines; 5)Sentencing Commission Policy Statement; 6) The need to avoid unwarranted disparities; 7) The need for restitution. See Title 18 U.S.C. §3553(a). This consideration is only possible with an analysis of the case specific factors.

The Defendant was arrested for simply possessing a firearm. Since being arrested, the Defendant has made an extraordinary effort to rehabilitate himself by taking numerous programs that will be conducive to being a productive citizen when introduced back into society. See Attachment "A" The Defendant has a very supportive family and several children who await his return.

### STATEMENT OF ISSUE

A total of 10 Criminal History points were assessed to the Defendant which classified him as a category V. One of these points derives from a Shoplifting offense in which the Defendant was given a $29.60 fine on November 8, 1991. Taking the "common sense approach" mentioned in Hardeman this offense could be compared to an Insufficient funds check in which no points should be allowed for. Loss of this one point would classify the Defendant in a Criminal History category of IV. This obviously gives the Defendant a new sentencing range.

The Total Offense Level of 25 would stay the same. But with the new Criminal History category of IV, the new sentencing range would be 84-105 months.

## CONCLUSION

The Defendant respectfully requests this Honorable Court to grant this MOTION TO CORRECT OR MODIFY A TERM OF IMPRISONMENT and in accordance with §3582(c)(2) issue an order for one of the following:

    1) Issue a new Judgement ordering the Defendant to serve 105 months in the Bureau of Prisons.

    2) Schedule the Defendant for a full resentencing hearing and appoint an attorney to confer with the Defendant.

Respectfully Submitted,

*Kevin Black*
Kevin Black, pro se
Reg. No. 03970-015
FCI Ray Brook
P.O. Box 9003
Ray Brook, NY 12977

DATED: JANUARY 8th, 2008

5

## CERTIFICATE OF SERVICE

I, Kevin Black, the Defendant, declares that I served copies of this MOTION TO CORRECT OR MODIFY A TERM OF IMPRISONMENT on the following through the United States Postal Service through the Inmate Legal Mail system here at FCI Ray Brook mailroom:

1. United States District Court for the District of Delaware
   Attn: Clerk of Court
   844 King Street
   Federal Building
   Wilmington, Delaware 19801-3588
   (Postal Service-Three Copies)

2. United States Attorney Office
   Nemours Building
   1007 Orange Street, Suite 700
   P.O. Box 2046
   Wilmington, Delaware 19899-2046
   (Postal Service-One Copy)

*Kevin Black* (signature)
Kevin Black, pro se
Reg. No. 03970-015
FCI Ray Brook
P.O. Box 9003
Ray Brook, NY 12977

DATED: JANUARY 8th, 2008

ATTATCHMENT "A"

```
  SCHTO            *        INMATE EDUCATION DATA        *     05-26-2005
 PAGE 001 OF 001   *              TRANSCRIPT             *     09:23:51

REGISTER NO: 03970-015      NAME..: BLACK                   FUNC: PRT
FORMAT.....: TRANSCRIPT     RSP OF: SCH-SCHUYLKILL FCI

--------------------------- EDUCATION INFORMATION ---------------------------
FACL ASSIGNMENT DESCRIPTION                     START DATE/TIME STOP DATE/TIME
SCH   ESL HAS    ENGLISH PROFICIENT             10-27-2000 1400 CURRENT
SCH   GED HAS    COMPLETED GED OR HS DIPLOMA    11-03-2000 1355 CURRENT

---------------------------- EDUCATION COURSES -----------------------------
SUB-FACL    DESCRIPTION                  START DATE  STOP DATE EVNT AC LV  HRS
SCH         PRE-REL VICTIM IMPACT GROUP  10-01-2004  CURRENT
SCH         BUDGETING                    04-12-2005  04-13-2005  P   C  P    2
SCH         RECIDIVISM AND LIVING FREE   04-11-2005  04-12-2005  P   C  P    2
SCH         PARENTING TWO                04-14-2004  06-30-2004  P   C  P   20
SCH         FCI PAR 1A - PARENTING ONE   01-13-2004  04-02-2004  P   C  P   20
SCH         SCOREKEEPING CLASS           02-09-2004  02-16-2004  P   W  V    1
SCH         REAL ESTATE                  11-23-2003  02-17-2004  P   C  P   15
SCH         ADV CRIMINAL LIFESTYLES      07-17-2002  12-18-2002  P   C  P   30
SCH         LIFE STYLE ISSUES            04-30-2002  07-08-2002  P   C  P   10
SCH         CARPENTER'S HELPER 7:30-11:30 10-01-2001 11-19-2001  P   C  E   54
SCH         FCI PRE-RELEASE DRUG EDUCATION 05-31-2001 08-13-2001 P   C  P   40
SCH         BASKETBALL OFFICIATE         06-06-2001  07-01-2001  P   C  P    6
SCH         FCI SOFTBALL UMPIRE CLASS    03-21-2001  05-19-2001  P   C  P    7
SCH         ACE AMER HISTORY VIDEO CLASS 03-05-2001  04-02-2001  P   C  P   12




G0000           TRANSACTION SUCCESSFULLY COMPLETED
```

**CERTIFICATE OF SERVICE**

      I, Kevin Black, the Defendant, declares that this is the second attempt to mail this MOTION TO CORRECT OR MODIFY A TERM OF IMPRISONMENT to this Court through the United States Postal Service through the Inmate Legal Mail system here at FCI Ray Brook mailroom:

United States District Court for
the District of Delaware
844 King Street
Federal Building
Wilmington, Delaware 19801-3588
(United States Postal Service-Three Copies)

*/s/ Kevin Black*
Kevin Black, pro se
Reg. No. 03970-015
FCI Ray Brook
P.O. Box 9003
Ray Brook, NY 12977

DATED: FEBRUARY 11th, 2008

Mr. Kevin Black
Reg. No. 03970-015
Federal Correctional Institution Ray Brook
P.O. Box 9003
Ray Brook, New York 12977



CERTIFIED MAIL
7007 1490 0005 0338 3233





United States District Court
District of Delaware
844 King Street
Federal Building
Wilmington, DE 19801-3588



Legal Mail

