IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Criminal Action No. 97-65-001 |
| | ) |
| KEVIN BLACK, | ) |
| | ) |
| Defendant. | ) |

**GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO CORRECT OR MODIFY TERM OF IMPRISONMENT**

NOW COMES the United States of America, by and through its undersigned attorneys, and hereby responds in opposition to the defendant's Motion to Correct or Modify Term of Imprisonment, and respectfully requests that this Court deny the defendant's Motion.

**Factual and Procedural Background**

On July 8, 1997, the federal grand jury for the District of Delaware returned a one count Indictment charging the defendant with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), and on October 2, 1997, the Defendant pleaded guilty to that offense. On December 30, 1997, this Court (Longobardi, J.), sentenced the defendant to 120 months of imprisonment to be followed by 3 years of supervised release.

On January 20, 1998, the defendant filed a *pro se* motion for Reduction of Sentence Pursuant to Rule 35(b), which was denied by this Court (Longobardi, J.) on February 11, 1998. On May 31, 2002, the defendant filed a *pro se* habeas petition to vacate his sentence pursuant to 28 U.S.C. § 2255. This Court (Jordan, J.) denied the defendant's habeas petition on September 8, 2004, and

1

declined to issue a certificate of appealability. On February 28, 2005, the Court of Appeals for the Third Circuit denied the defendant's request for a certificate of appealability.

On August 21, 2005, the defendant filed another *pro se* motion for reduction of sentence, this time pursuant to 18 U.S.C. § 3582(c)(2), relying in essence on the Supreme Court's opinion in *United States v. Booker*, 543 U.S. 320 (2005), and on extraordinary rehabilitative efforts as grounds for the motion. On November 28, 2006, this Court (Jordan, J.) denied the defendant's motion, finding that the *Booker* decision is "not the equivalent of a Sentencing Guidelines Amendment under § 3582(c)(2) that has lowered the sentencing range applicable to Black."

The defendant filed the instant motion to reduce his sentence on February 20, 2008, seeking a reduction in his sentence based on the November 1, 2007, enactment of Amendment 709 to the United States Sentencing Guidelines. Amendment 709 changes the way that U.S.S.G. § 4A1.2(c)(1) counts misdemeanor offenses in the criminal history calculation in certain circumstances.

## Legal Argument

Once a district court enters final judgment it lacks jurisdiction to modify a sentence, except to the extent authorized by statute or rule. *See Carlisle v. United States*, 517 U.S. 416 (1996). District courts may modify sentences only where such modification is "expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure." 18 U.S.C. § 3582(C)(1)(B). Section 3582(c)(2) provides:

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 944(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, *if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.*

18 U.S.C. § 3582(c)(2) (emphasis added).

2

The applicable policy statement is Section 1.B1.10 of the United States Sentencing Guidelines, which provides an exhaustive list of guidelines amendments where retroactive application is authorized under 18 U.S.C. § 3582(c)(2). *See* U.S.S.G. § 1B1.10(c). Section 1B1.10 provides that, "[i[f none of the amendments listed in subsection (c) is applicable, a reduction in the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) is not consistent with this policy statement and thus is not authorized." U.S.S.G. § 1B1.10(a). The Third Circuit has consistently applied this principle to preclude modifications of a sentence based on non-retroactive amendments to the sentencing guidelines. *See United States v. Wise*, 515 F.3d 207, 221 (3d Cir. 2008) ("[A] reduction under § 3582(c)(2) is not authorized unless an amendment reducing the applicable guidelines range is among those listed in § 1B.10(c)."); *United States v. Thompson*, 70 F.3d 279, 280 (3d Cir. 1995) ("[A]n amendment not listed in [§ 1B1.10(c)] may not be applied retroactively pursuant to 18 U.S.C. § 3582(c)(2). Amendment 459 is not listed in § 1B1.10(c). Therefore, by the plain language of the policy statement, it does not have retroactive effect.").

The defendant seeks a reduction of his sentence based on Amendment 709 which amended U.S.S.G. § 4A1.2(c)(1) and went into effect on November 1, 2007, nearly ten years after the defendant's sentencing. Amendment 709 is not included in section 1B1.10(c)'s list of retroactively applicable amendments, and therefore a modification of the defendant's sentence is not authorized under section 3582(c)(2). *See, e.g., United States v. Hughes*, 2008 WL 728364, at *2 (W.D.Pa. 2008) ("Amendment 709 cannot be retroactively applied to reduce defendant's sentence."); *United States v. Garza,* 2008 WL 687062 (D. Neb. 2008) ("Because Amendment 709 is not included in the list of retroactive amendments set out in U.S.S.G. § 1B1.10(c), Garza's sentence may not be lowered for the reasons raised in his motion."(collecting cases)). *Cf. United States v. Smith*, 438 F.3d 796, 799 (7th Cir. 2006) (opining that "§ 3582(c) limits the substantive authority of the district court, it is a real 'jurisdictional' rule rather than a case-processing requirement.").

3

The defendant's motion attempts to avoid this conclusion by suggesting that Amendment 709 was a "clarifying" rather than a "substantive" amendment. The defendant's argument is based on the principle that "a post-sentencing amendment to a sentencing guideline or its comments should be given effect if it 'clarifies' the guideline or comment in place at the time of sentencing. If, however, the amendment effects a substantive change in the law, the defendant does not reap the benefit of the new provision." *United States v. Marmolejos*, 140 F.3d 488, 490 (3d Cir. 1998). But such "clarifying" amendments are only applied retroactively during the pendency of a direct appeal or in a petition for habeas relief under 28 U.S.C. § 2255, but not in a motion pursuant to Section 3582(c). *See United States v. Armstrong*, 347 F.3d 905, 908-09 (11th Cir. 2003) ("While consideration of Amendment 635 as a clarifying amendment may be necessary in the direct appeal of a sentence or in a petition under § 2255, it bears no relevance to determining retroactivity under § 3582(c)(2)."); *United States v. Torres-Aquino*, 334 F.3d 939, 941 (10th Cir. 2003); *see also United States v. Gill*, 68 Fed. Appx. 354, 356 n.2 (3d Cir. 2003) (not precedential opinion) (rejecting retroactivity claim in a motion under Section 3582(c) and noting that *Marmolejos* is distinguishable because that case involved a 2250 petition); *United States v. McIntosh*, 2007 WL 712869, at 2 (E.D. Pa. 2007) (Katz, J.) ("The court need not determine whether Amendment 642 is a "clarifying" or "substantive" amendment to the Sentencing Guidelines . . . because such analysis is appropriate only when ruling on a direct appeal or a motion under 28 U.S.C. § 2255.").

Therefore, this Court need not reach the question whether Amendment 709 is "clarifying" or "substantive," because such a claim is not cognizable in a motion filed pursuant to Section 3582(c), but instead must be raised in a Section 2255 petition for habeas relief. In this case, the defendant has already filed one Section 2255 petition, which was denied. Thus to seek habeas relief, the defendant must seek leave to file a second and successive habeas petition.

## Conclusion

For the foregoing reasons, the Government respectfully requests that this Court deny the defendant's Motion to Correct or Modify Term of Imprisonment.

                                        Respectfully submitted,

                                        COLM F. CONNOLLY
                                        UNITED STATES ATTORNEY

BY: _____
         Ilana H. Eisenstein
         Assistant United States Attorney

Dated: April 4, 2008