IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| United States of America | ) |
| | ) |
| v. | ) Criminal Action No. 97-65-001 |
| | ) |
| Kevin Black | ) |

FILED
APR 25 2008
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

<u>DEFENDANT'S RESPONSE TO GOVERNMENT'S OPPOSITION
TO CORRECT OR MODIFY TERM OF IMPRISONMENT</u>

NOW COMES the Defendant, Kevin Black, pro se, in response to Government's Opposition to Correct or Modify Term of Imprisonment. Defendant respectfully requests that this Court grant said motion and issue an appropriate order for a new Judgment and Commitment Order for 105-months, or time served.

STATEMENT OF ISSUE IN DISPUTE:

The Government contends that Defendant's motion be denied on the sole ground that [I]t was raised pursuant to 18 U.S.C. § 3582(c), opposed to the Defendant seeking leave to file a second and successive habeas petition. The Government's argument is without merit.

SUPPORTING ARGUMENT:

It is well settled that "a post-sentencing amendment to a Sentencing Guideline, or its comments, should be given retroactive effect only if the amendment clarifies the Guideline or comment in place at the time of sentencing..." <u>See</u> <u>United States v. Diaz</u> 245

1

F.3d 294 (3rd Cir. 2001). There is no existing precedent for this Circuit to support the Government's contention that "such 'clarifying' amendments are only applied retroactively during the pendency of a direct appeal or in a petition for habeas relief under 28 U.S.C. § 2255, but not in a motion pursuant to Section 3582(c)." See Government's response page 4.(citing United States v. Armstrong, 347 F.3d 905, 908-09). The Armstrong Court recognized that only two other Circuits have concluded that "clarifying" amendments are not exceptions to this rule. See Armstrong 347 F.3d at 909 (citing United States v. Drath, 89 F.3d 216,217 (5th Cir. 1996); Lee v. United States, 221 F.3d 1335 (6th Cir. 2000)).

The Third Circuit has been silent as to when, or in what forum, "clarifying" amendments should be applied. It has been noted that the District court has jurisdiction for review pursuant to 18 U.S.C. §§ 3231, 3582(c). See United States v. Thompson, 70 F.3d 279, 280. This case differs from Thompson in the effect that Amendment 459 was not a "clarifying" amendment and Amendment 709 is. Therefore, this issue has not been addressed.

In accordance with United States v. Booker, 543 U.S. 200, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), this Court has discretion as to whether or not "clarifying" amendments are exceptions to the rule. The Supreme Court in Booker explicitly stated that "as by now should be clear [a] mandatory system is no longer an open choice." See Booker, 543 U.S. at 263, 125 S. Ct. 738. Moreover, Booker emphasized that the Sentencing Guidelines could not be construed as mandatory in one context and advisory in another:

"[W]e believe that Congress would not have authorized a mandatory system in some cases and a non-mandatory system in others, given the complexities that such a system would create." Id., at 266, 125 S.Ct. 738. Indeed, district courts are now endowed with the discretion to obviate United States Sentencing Guideline § 1B1.10(a) which states:

> (a) Where a defendant is serving a term of imprisonment and the guideline applicable to the defendant has subsequently been lowered as a result of an amendment to the Guideline Manual listed in subsection (c) below, a reduction in the defendant's term of imprisonment is authorized under 18 U.S.C. § 3582(c)(2). If none of the amendments listed in subsection (c) is applicable, a reduction in the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) is not consistent with this policy statement and is not authorized.

Therefore, since Booker excised the statutes that made the Guidelines mandatory and mandatory guidelines no longer exist, this Court is free to resentence the Defendant accordingly. See, e.g., United States v. Hicks, 472 F.3d 1167, 1171-72 (9th Cir. 2007)("Booker... provides a constitutional standard which courts may not ignore...[T]o the extent that the policy statements are inconsistent with Booker, the policy statements must give way"). This policy statement does not address the issue of "clarifying" amendments. It is this Court's discretion as to whether or not the Defendant should be resentenced pursuant to 18 U.S.C. § 3582(c)(2).

In the event that this Court deems 18 U.S.C. § 3582(c)(2) is not the appropriate statute to file under, the Defendant

3

respectfully requests that this Honorable Court recharacterize said motion and address it on the merits. See Castro v. United States, 540 U.S. 375, 124 S.Ct. 786, 157 L.Ed.2d 778. (citing Haines v. Kerner, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); United States v. Miller, 197 F.3d 644 (3rd Cir. 1999)).

CONCLUSION:

The Defendant respectfully requests this Court grant his MOTION TO CORRECT OR MODIFY TERM OF IMPRISONMENT and issue a new Judgment and Commitment Order for 105-months, or time served.

Respectfully submitted,

*[signature]*
Kevin Black, pro se
Reg. No. 03970-015
FCI Ray Brook
P.O. Box 9003
Ray Brook, New York 12977

DATED: APRIL 17, 2008

## CERTIFICATE OF SERVICE

I, Kevin Black, Defendant, pro se, do hereby declare that true copies of DEFENDANT'S RESPONSE TO GOVERNMENT'S OPPOSITION TO CORRECT OR MOFIFY TERM OF IMPRISONMENT has been sent United States Postal Service via the Inmate Mail System here at FCI Ray Brook to the following:

U.S. Courthouse
United States District Court
District of Delaware
844 King Street
Federal Building
Wilmington, DE 19801-3588
(Three - copies)

U.S. Department of Justice
United States Attorney
District of Delaware
1007 Orange Street, Suite 700
P.O. Box 2046
Wilmington, DE 19899-2046
(One - copy)

_/s/ Kevin Black_

12977

DATED: APRIL 17, 2008