IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | |
| v. | : | Criminal Action No. 97-65-JJF |
| KEVIN BLACK, | : | |
| Defendant. | : | |

Colm F. Connolly, Esquire, United States Attorney, Ilana H. Eisenstein, Esquire, Assistant United States Attorney of the UNITED STATES DEPARTMENT OF JUSTICE, Wilmington, Delaware. Attorney for Plaintiff.

Kevin Black, Pro Se Defendant.

**MEMORANDUM OPINION**

May 23, 2008
Wilmington, Delaware

Farnan, District Judge.

Pending before the Court is a Motion To Correct Or Modify Term Of Imprisonment (D.I. 67) filed by Defendant, Kevin Black. For the reasons discussed, the Court will deny Defendant's Motion, or in the alternative, dismiss the Motion to the extent it is recharacterized as a Motion pursuant to 28 U.S.C. § 2255.

## BACKGROUND

On July 8, 1997, Defendant was charged by Indictment with one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). On October 2, 1997, Defendant pled guilty to the charge in the Indictment. He was sentenced on December 30, 1997, by the Honorable Joseph J. Longobardi to 120 months imprisonment followed by three years of supervised release.

On January 20, 1998, Defendant filed a pro se Motion For Reduction Of Sentence Pursuant To Rule 35(b), which Judge Longobardi subsequently denied. On May 31, 2002, Defendant filed a pro se Motion Pursuant to 28 U.S.C. § 2255, which was subsequently denied by The Honorable Kent A. Jordan. Defendant filed a request for a certificate of appealability, and the Third Circuit denied his request.

On August 21, 2005, Defendant filed a pro se Motion For Reduction Of Sentence Pursuant To 18 U.S.C. § 3582(c) arguing that United States v. Booker, 543 U.S. 320 (2005) and his alleged

1

extraordinary rehabilitative efforts warranted a modification of his sentence. Judge Jordan denied Defendant's Motion.

On February 20, 2008, Defendant filed the instance Motion pursuant to 18 U.S.C. § 3582(c)(2) contending that a reduction in his sentence is warranted pursuant to Amendment 709 to the United States Sentencing Guidelines ("U.S.S.G"), enacted on November 1, 2007. The Government has filed a Response to the Motion, and Defendant has filed a Reply.

## DISCUSSION

By his Motion, Defendant contends that a modification of his sentence is appropriate based on Amendment 709 which changes the manner in which U.S.S.G. § 4A1.2(c)(1) counts misdemeanor offenses in the criminal history calculation. As amended, Section 4A1.2(c)(1) provides that

> Sentences for all felony offenses are counted.
> Sentences for misdemeanor and petty offenses are counted, except as follows:
>
>> (A) the sentence was a term of probation of *more than one* year or a term of imprisonment *of* at least thirty days or (B) the prior offense was similar to an instant offense:
>> Careless or reckless driving
>> Contempt of court
>> Disorderly conduct
>> Disturbing the peace
>> Driving without a license or with a revoked or suspended license
>> False information to a police officer
>> Gambling
>> Hindering or failure to obey a police officer
>> Insufficient funds check
>> Leaving the scene of an accident
>> Non-support

2

        Prostitution
        Resisting arrest
        Trespassing.

By his Motion, Defendant contends that a total of 10 Criminal History points were assessed to him which classified him as a Category V. However, one of the counted offenses was a shoplifting offense for which Defendant was given a $29.60 fine. Defendant contends that this offense should be considered to be an offense similar to an offense for "insufficient funds check," and therefore, one point should be removed from his Criminal History, giving him a Category IV Criminal History and a new sentencing range of 84-105 months.

Amendment 709 is not listed among the guideline amendments to be given retroactive effect, see U.S.S.G. § 1.B1.10, and therefore, a modification of Defendant's sentence is not permitted under 18 U.S.C. § 3582(c)(2). See e.g., Muhammed v. United States, 2008 WL 2038840, *3-4 (D.N.J. May 9, 2008); United States v. Hughes, 2008 WL 729364, *2 (W.D. Pa. Mar. 18, 2008). Defendant contends that Amendment 709 is a clarifying amendment rather than a substantive amendment; however, this distinction is only relevant during the pendency of a direct appeal or in a petition for habeas relief pursuant to 28 U.S.C. § 2255. United States v. Armstrong, 347 F.3d 905, 908-909 (11th Cir. 2003); United States v. Torres-Aquino, 334 F.3d 939, 941 (10th Cir. 2003); see also United States v. Gill, 68 Fed. Appx. 354, 456 n.2

3

(3d Cir. 2003); United States v. McIntosh, 2007 WL 712869, *2 (E.D. Pa. Mar. 7, 2007).

In his Reply Brief, Defendant requests the Court to recharacterize his Motion as a Section 2255 Motion. However, Defendant has already filed a prior Section 2255 Motion which was dismissed as time-barred[1], and therefore, Defendant must obtain authorization from the Third Circuit to file a second or successive Section 2255 Motion. 28 U.S.C. § 2255(h). Without such permission, the Court lacks jurisdiction to review Defendant's recharacterized Motion. See Robinson v. Johnson, 313 F.3d 128, 139-40 (3d Cir. 2002)("When a second or successive habeas petition is erroneously filed in a district court without the permission of a court of appeals, the district court's only option is to dismiss the petition or transfer it to the court of appeals"); Torres v. Senkowski, 316 F.3d 147, 152 (2d Cir. 2003) (holding that a district court must dismiss a second or successive habeas petition). Accordingly, the Court will deny Defendant's Section 3582(c) Motion, or in the alternative, dismiss the Motion to the extent that it is recharacterized as a second, successive 2255 Motion filed without authorization from

---

[1] See Villanueva v. United States, 346 F.3d 55, 58 (2d Cir. 2003) (holding that a petition that has been dismissed as time-barred has been decided on the merits and renders any petition "second or successive" under the AEDPA); United States v. Harris, 2002 WL 31859440, *3 (E.D. Pa. Dec. 20, 2002).

4

the Third Circuit.

## CONCLUSION

For the reasons discussed, the Court will deny Defendant's Motion To Correct Or Modify Term Of Imprisonment (D.I. 67), or in the alternative, dismiss the Motion to the extent that it is recharacterized as a Section 2255 Motion.

An appropriate Order will be entered.

5